UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

---------------------------------------x
BRENDA DRAKE, *on behalf of herself and others similarly situated*,

                    Plaintiff,

vs.

MIRAND RESPONSE SYSTEMS, INC. and WOODFOREST NATIONAL BANK,

                    Defendants.
---------------------------------------x

Civil Action No.: 1:19-cv-1458

CLASS ACTION

JURY TRIAL DEMANDED

## CLASS ACTION COMPLAINT

Brenda Drake ("Plaintiff"), individually and on behalf of others similarly situated, alleges on personal knowledge, investigation of her counsel, and information and belief, as follows:

### Nature of this Action

1. Plaintiff brings this class action against Mirand Response Systems, Inc. ("MRS") and Woodforest National Bank ("Woodforest") (collectively, "Defendants") under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, and against MRS under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*.

2. Section 227(b)(1)(A)(iii) of the TCPA sets forth restrictions on the use of automated telephone equipment, and provides in pertinent part:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice—

1

*****

(iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call, unless such call is made solely to collect a debt owed to or guaranteed by the United States[.]

3. Separately, the FDCPA at 15 U.S.C. § 1692d(6) provides:

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

\*    \*    \*

(6) except as provided in 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

4. Upon information and good faith belief, Defendants routinely violate 47 U.S.C. § 227(b)(1)(A)(iii) by using an automatic telephone dialing system and an artificial or prerecorded voice to place, or cause to be placed, non-emergency calls to telephone numbers assigned to a cellular telephone service, without prior express consent, in that they place, or cause to be placed, autodialed calls to wrong or reassigned cellular telephone numbers.

5. Upon information and good faith belief, MRS routinely violates 15 U.S.C. § 1692d(6) by leaving prerecorded voice messages for consumers, in an attempt to collect a debt, that do not disclose MRS's name.

## Jurisdiction

6. This Court has subject matter jurisdiction under 47 U.S.C. § 227(b)(3), 15 U.S.C. § 1692k(d), and 28 U.S.C. § 1331.

7. Venue is proper before this Court under 28 U.S.C. § 1391(b), as Defendants transact business in this district and as a substantial part of the events giving rise to this action occurred in this district.

8. In particular, MRS directed its calls to Plaintiff's cellular telephone number, on Woodforest's behalf, in this district, and Plaintiff received MRS's calls and prerecorded voice messages while in this district.

**Parties**

9. Plaintiff is a natural person who at all relevant times resided in Fishers, Indiana.

10. Through its telephone calls to her, MRS alleged that Plaintiff was obligated to pay a debt owed or due a creditor other than MRS—namely, Woodforest.

11. Upon information and good faith belief, Plaintiff's alleged obligation to Woodforest arises from a transaction in which the money, property, insurance, or services that are the subject of the transaction were incurred primarily for personal, family, or household purposes (the "Debt").

12. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

13. MRS is a company based in Houston, Texas.

14. MRS is a debt collection agency.

15. MRS states that it "is one of the largest collection agencies licensed in all 50 states."[1]

16. MRS states that it handles over 65,000 telephone calls each day.[2]

17. MRS is an entity that at all relevant times was engaged, by use of the mails and telephone, in the business of attempting to collect a "debt" from Plaintiff, as defined by 15 U.S.C. § 1692a(5).

---

[1] http://www.mirandrs.com/ (last visited Mar. 28, 2019)

[2] http://www.mirandrs.com/AboutUs.shtml (last visited Mar. 28, 2019)

18. At the time MRS attempted to collect the alleged Debt from Plaintiff, the alleged Debt was in default.

19. MRS uses instrumentalities of interstate commerce or the mails in a business the principal purpose of which is the collection of any debts, and/or to regularly collect or attempt to collect, directly or indirectly, debts owed or due, or asserted to be owed or due, another.

20. MRS is a "debt collector" as defined by the FDCPA at 15 U.S.C. § 1692a(6).

21. For its creditor clients, including Woodforest, MRS "provides the outbound/inbound dialer, skip tracing and full insurance and indemnification."[3]

22. Woodforest is an FDIC-insured national bank.

23. Woodforest "has over 700 branch locations throughout Alabama, Florida, Georgia, Kentucky, Louisiana, Illinois, Indiana, Maryland, Mississippi, New York, North Carolina, Ohio, Pennsylvania, South Carolina, Texas, Virginia, and West Virginia."[4]

## Factual Allegations

24. In approximately May 2018, Plaintiff was assigned a new cellular telephone number, (317)-XXX-6386.

25. Plaintiff is the subscriber to and customary user of her cellular telephone number.

26. Plaintiff pays the monthly bill for her cellular telephone number.

27. In connection with the collection of the Debt alleged to be owed to Woodforest, MRS placed calls to Plaintiff's cellular telephone number.

28. MRS placed its calls to Plaintiff's cellular telephone number from (317) 342-8478.

---

[3] *Id*.

[4] http://www.woodforest.com/About-Us (last visited Apr. 3, 2019)

29. Upon placing an outbound call to telephone number (317) 342-8478, a prerecorded message states, "Thank you for calling Mirand Response Systems…."

30. MRS left at least two prerecorded voice messages on Plaintiff's cellular telephone voicemail.

31. For example, on March 14, 2019, MRS, on behalf of Woodforest, left a prerecorded message that stated:

> This is a debt collector. We are calling in regards to your Woodforest National Bank account, which has an outstanding balance due. Your name is currently listed under a consumer reporting agency. However, if you call us, we can offer you a 20 percent discount and request your name be removed from the consumer reporting agency. Our number is (888) 317-9490. Again, that number is (888) 317-9490. Please call and one of our representatives will help you.

32. MRS placed an additional call to Plaintiff's cellular telephone number, on Woodforest's behalf, on March 18, 2019, and left a materially identical prerecorded voice message.

33. MRS's prerecorded voice messages left (888) 317-9490 as the call back number.

34. Upon placing an outbound call to telephone number (888) 317-9490, a prerecorded message states, "Thank you for calling Mirand Response Systems…."

35. What's more, and prior to the March 14, 2019 and March 18, 2019 calls and prerecorded voice messages, Plaintiff's counsel informed MRS that it had been calling the wrong person.

36. Despite having actual knowledge that it was calling the wrong person, MRS placed the calls to Plaintiff's cellular telephone number on March 14, 2019 and March 18, 2019.

37. Plaintiff does not have, and never had, an account with Woodforest National Bank.

38. Plaintiff never provided her cellular telephone number to Woodforest National Bank.

39. Plaintiff never provided her cellular telephone number to MRS.

40. Based on investigation of counsel, it appears that MRS intended to reach a person with a similar name (but completely unrelated and unknown) to Plaintiff when it placed its calls to Plaintiff's cellular telephone number.

41. Upon information and good faith belief, the person MRS intended to reach on Woodforest's behalf was a Woodforest customer.

42. Upon information and good faith belief, MRS obtained Plaintiff's cellular telephone number through third party research, including skip tracing.

43. Upon information and good faith belief, Defendants' records will show each call they placed, or caused to be placed, to Plaintiff's cellular telephone number by using an automatic telephone dialing system or an artificial or prerecorded voice.

44. Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls at issue, including MRS's use of an artificial or prerecorded voice, MRS placed its calls to Plaintiff's cellular telephone number by using an automatic telephone dialing system.

45. Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls at issue, including MRS's use of an artificial or prerecorded voice, MRS placed its calls to Plaintiff's cellular telephone numbers by using "equipment which has the capacity—(1) to store numbers to be called or (2) to produce numbers to be called, using a random or sequential number generator—and to dial such numbers automatically (even if the system must be turned on or triggered by a person)." *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1053 (9th Cir. 2018).

46. Upon information and good faith belief, and in light of the frequency, number, nature, and character of the calls at issue, including MRS's use of an artificial or prerecorded voice, MRS placed its calls to Plaintiff's cellular telephone number by using (i) an automated dialing system that

6

uses a complex set of algorithms to automatically dial consumers' telephone numbers in a manner that "predicts" the time when a consumer will answer the phone and a person will be available to take the call, or (ii) equipment that dials numbers and, when certain computer software is attached, also assists persons in predicting when a sales agent will be available to take calls, or (iii) hardware, that when paired with certain software, has the capacity to store or produce numbers and dial those numbers at random, in sequential order, or from a database of numbers, or (iv) hardware, software, or equipment that the FCC characterizes as a predictive dialer through the following declaratory rulings: *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 17 FCC Rcd 17459, 17474 (Sept. 18, 2002); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 18 FCC Rcd 14014, 14092-93 (July 3, 2003); *In the Matter of Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991*, 23 FCC Rcd 559, 566 (Jan. 4, 2008).

47. Upon information and good faith belief, MRS placed its calls to Plaintiff's cellular telephone number for non-emergency purposes.

48. Upon information and good faith belief, MRS placed its calls to Plaintiff's cellular telephone number voluntarily.

49. Upon information and good faith belief, MRS placed the calls to Plaintiff's cellular telephone number at the direction of Woodforest.

50. Upon information and good faith belief, MRS had knowledge that it was using an automatic telephone dialing system, a predictive dialer, and an artificial or prerecorded voice to place its calls to Plaintiff's cellular telephone number.

51. Upon information and good faith belief, Woodforest had knowledge that MRS was using an automatic telephone dialing system, a predictive dialer, and an artificial or prerecorded

voice to place its calls to Woodforest customers in an effort to collect monies alleged to be due Woodforest.

52. Upon information and good faith belief, MRS intended to use an automatic telephone dialing system and an artificial or prerecorded voice to place its calls to Plaintiff's cellular telephone number.

53. Plaintiff is not, nor was, one of Woodforest's customers.

54. Plaintiff does not, nor did, have a business relationship with Woodforest.

55. Plaintiff does not, nor did, have a business relationship with MRS.

56. MRS placed its calls to Plaintiff's cellular telephone number on Woodforest's behalf, with Woodforest's permission, and for the benefit of Woodforest.

57. MRS's prerecorded voice messages for Plaintiff specifically referenced Woodforest.

58. Woodforest authorized or otherwise directed MRS's conduct as it relates to placing telephone calls to, and leaving prerecorded voice messages for, consumers to whom Woodforest alleges owe monies to Woodforest.

59. Further, Woodforest ratified MRS's conduct by accepting the benefit derived from MRS's conduct as it relates to placing telephone calls to, and leaving prerecorded messages for, consumers to whom Woodforest alleges owe monies to Woodforest.

60. Indeed, Woodforest has a direct financial interest in monies collected by MRS, on Woodforest's behalf, as a result of telephone calls MRS places to Woodforest's customers.

61. Plaintiff did not give MRS or Woodforest prior express consent to place calls to her cellular telephone number by using an automatic telephone dialing system or an artificial or prerecorded voice.

62. Plaintiff suffered actual harm as a result of MRS's calls at issue in that she suffered an invasion of privacy, an intrusion into her life, and a private nuisance.

63. As well, MRS's calls unnecessarily tied up Plaintiff's cellular telephone line.

64. Upon information and good faith belief, MRS, as a matter of pattern and practice, uses an automatic telephone dialing system or an artificial or prerecorded voice to place calls to telephone numbers assigned to a cellular telephone service, absent prior express consent.

## Class Action Allegations

65. Plaintiff brings this action under Federal Rule of Civil Procedure 23, and as a representative of the following two classes and subclass:

> **TCPA Class:** All persons throughout the United States (1) to whom Mirand Response Systems, Inc. placed, or caused to be placed, a call, (2) directed to a number assigned to a cellular telephone service, but not assigned to the intended recipient of Mirand Response Systems, Inc.'s calls, (3) by using an automatic telephone dialing system or an artificial or prerecorded voice, (4) within the four years preceding the date of this complaint through the date of class certification.
>
> **TCPA Subclass:** All persons throughout the United States (1) to whom Mirand Response Systems, Inc. placed, or caused to be placed, a call, on behalf of Woodforest National Bank, (2) directed to a number assigned to a cellular telephone service, but not assigned to the intended recipient of Mirand Response Systems, Inc.'s calls, (3) by using an automatic telephone dialing system or an artificial or prerecorded voice, (4) within the four years preceding the date of this complaint.
>
> **FDCPA Class:** All persons (1) with an Indiana address, (2) for whom Mirand Response Systems, Inc. left, or caused to be left, a voice message, (3) in connection with collection of a consumer debt, (4) within the year preceding this complaint through the date of class certification, (5) wherein Mirand Response Systems, Inc. failed to state its name.

66. Excluded from the classes are Defendants, Defendants' officers and directors, members of their immediate families and their legal representatives, heirs, successors, or assigns, and any entity in which Defendants have or had a controlling interest.

67. The proposed classes and subclass are so numerous that, upon information and belief, joinder of all members is impracticable.

68. The exact number of members of the classes and subclass is unknown to Plaintiff at this time and can only be determined through appropriate discovery.

69. The proposed classes and subclass are ascertainable because they are defined by reference to objective criteria.

70. In addition, and upon information and good faith belief, the cellular telephone numbers of all members of the TCPA Class and TCPA Subclass can be identified in business records maintained by Defendants and third parties.

71. Likewise, and upon information and good faith belief, the cellular telephone numbers of all members of the FDCPA Class can be identified in business records maintained by MRS and third parties.

72. Plaintiff's claims are typical of the claims of the members of the TCPA Class and Subclass because all of the class members' claims originate from the same conduct, practice and procedure on the part of Defendants, and Plaintiff possesses the same interests and has suffered the same injuries as each class member.

73. Like all members of the proposed TCPA Class, Plaintiff received autodialed and artificial or prerecorded voice calls from MRS, without her consent, on her cellular telephone, in violation of 47 U.S.C. § 227.

74. Like all members of the proposed TCPA Subclass, Plaintiff received autodialed and artificial or prerecorded voice calls from MRS, on behalf of Woodforest, without her consent, on her cellular telephone, in violation of 47 U.S.C. § 227.

75. Plaintiff's claims are typical of the claims of the members of the FDCPA Class because all of the class members' claims originate from the same conduct, practice and procedure on the part of MRS, and Plaintiff possesses the same interests and has suffered the same injuries as each FDCPA Class member.

76. Like all members of the proposed FDCPA Class, Plaintiff received prerecorded voice messages from MRS that failed to state that the messages were from MRS.

77. Plaintiff will fairly and adequately protect the interests of the members of the classes and subclass and has retained counsel experienced and competent in class action litigation.

78. Plaintiff has no interests that are irrevocably contrary to or in conflict with the members of the classes and subclass that she seeks to represent.

79. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy, since joinder of all members is impracticable.

80. Furthermore, as the damages suffered by individual members of the classes and subclass may be relatively small, the expense and burden of individual litigation make it impracticable for the members of the classes and subclass to individually redress the wrongs done to them.

81. There will be little difficulty in the management of this action as a class action.

82. Issues of law and fact common to the members of the classes and subclass predominate over any questions that may affect only individual members, in that Defendants have acted on grounds generally applicable to the classes.

83. Among the issues of law and fact common to the TCPA Class are:

   a. Defendants' violations of the TCPA;
   b. MRS's use of an automatic telephone dialing system, as defined by the TCPA, to place calls to cellular telephone numbers;
   c. MRS's use of an artificial or prerecorded voice in connection with calls to cellular telephone numbers;
   d. MRS's practice of calling wrong or reassigned cellular telephone numbers;
   e. Woodforest's liability for calls made by MRS on Woodforest's behalf; and
   f. the availability of statutory damages.

84. Among the issues of law and fact common to the FDCPA Class are:

    a. MRS's violations of the FDCPA;

    b. Whether MRS is a debt collector as defined by the FDCPA;

    c. MRS's failure to properly provide requisite disclosures in its voice messages to consumers;

    d. the availability of statutory damages;

    e. the availability of attorneys' fees and costs.

85. Absent a class action, Defendants' violations of the law will be allowed to proceed without a full, fair, judicially supervised remedy.

### Count I
### Violation of 47 U.S.C. § 227(b)(1)(A)(iii)
### On Behalf of Plaintiff and the TCPA Class against MRS

86. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-85.

87. MRS violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing an automatic telephone dialing system to place calls to Plaintiff's cellular telephone number, without her consent.

88. MRS separately violated 47 U.S.C. § 227(b)(1)(A)(iii) by utilizing an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number, without her consent.

89. As a result of MRS's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the TCPA Class are entitled to damages in an amount to be proven at trial.

### Count II
### Violation of 47 U.S.C. § 227(b)(1)(A)(iii)
### On Behalf of Plaintiff and the TCPA Subclass against Woodforest

90. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1-85.

91. Woodforest violated 47 U.S.C. § 227(b)(1)(A)(iii) as a result of MRS's use of an automatic telephone dialing system to place calls to Plaintiff's cellular telephone number, without her consent, on Woodforest's behalf.

92. Woodforest separately violated 47 U.S.C. § 227(b)(1)(A)(iii) as a result of MRS's use an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number, without her consent, on Woodforest's behalf.

93. As a result of Woodforest's violations of 47 U.S.C. § 227(b)(1)(A)(iii), Plaintiff and the members of the TCPA Class are entitled to damages in an amount to be proven at trial.

**Count III**
**Violation of 15 U.S.C. § 1692d(6)**
**On Behalf of Plaintiff and the FDCPA Class against MRS**

94. Plaintiff repeats and re-alleges each and every factual allegation contained in paragraphs 1 through 85.

95. The FDCPA at 15 U.S.C. § 1692d(6) provides:

A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:

\*   \*   \*

(6) except as provided in 1692b of this title, the placement of telephone calls without meaningful disclosure of the caller's identity.

96. On or about March 14, 2019 and March 18, 2019, in connection with the collection of the alleged Debt, MRS placed, or caused to be placed, telephone calls to Plaintiff that resulted in prerecorded voice messages.

97. In those voice message (and others), MRS stated:

This is a debt collector. We are calling in regards to your Woodforest National Bank account, which has an outstanding balance due. Your name is currently listed under a

consumer reporting agency. However, if you call us, we can offer you a 20 percent discount and request your name be removed from the consumer reporting agency. Our number is (888) 317-9490. Again, that number is (888) 317-9490. Please call and one of our representatives will help you.

98. Because MRS failed to disclose its name in the voice messages it left for Plaintiff, MRS violated 15 U.S.C. § 1692d(6).

99. The harm suffered by Plaintiff is particularized in that the violative communications at issue were provided to her personally and failed to give her statutorily-mandated disclosures to which she was entitled.

100. Further, the content of MRS's voice messages created a risk of real harm to the concrete interest Congress was trying to protect in enacting the FDCPA. *See, e.g.*, *Zirogiannis v. Seterus, Inc.*, 707 F. App'x 724, 727 (2d Cir. 2017) (concluding "that the specific procedural violation alleged in the amended complaint presents a material risk of harm to the underlying concrete interest Congress sought to protect with the FDCPA").

101. In particular, in enacting the FDCPA, Congress mandated that debt collectors be forthcoming with consumers regarding who they are, which MRS avoided here by way of its vague voice messages that failed to identify who it is.

102. In addition, MRS's actions created a concrete harm in that they constituted a debt collection practice that Congress specifically prohibited because such practice is likely to mislead and deceive consumers. *See Church v. Accretive Health, Inc.*, 654 F. App'x 990, 995 (11th Cir. 2016).

## Trial by Jury

Plaintiff is entitled to, and demands, a trial by jury.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

    a)      Determining that this action is a proper class action;

  b)  Designating Plaintiff as the class representative under Federal Rule of Civil Procedure 23;

  c)  Designating Plaintiff's counsel as class counsel under Federal Rule of Civil Procedure 23;

  d)  Adjudging that Defendants violated 47 U.S.C. § 227(b)(1)(a)(iii);

  e)  Enjoining Defendants from continuing to place, or cause to be placed, calls to Plaintiff's cellular telephone number, and from continuing to place calls to the cellular telephone numbers of members of the proposed TCPA Class and Subclass, without prior express consent;

  f)  Awarding Plaintiff and the class damages under 47 U.S.C. § 227(b)(3)(B);

  g)  Awarding Plaintiff, the TCPA Class, and the TCPA Subclass treble damages under 47 U.S.C. § 227(b)(3);

  h)  Adjudging and declaring that MRS violated 15 U.S.C. § 1692d(6);

  i)  Enjoining MRS from future violations of 15 U.S.C. § 1692d(6) with respect to Plaintiff and the FDCPA Class;

  j)  Awarding Plaintiff and members of the FDCPA Class statutory damages under 15 U.S.C. § 1692k;

  k)  Awarding Plaintiff and the classes reasonable attorneys' fees, costs, and expenses under Rule 23 of the Federal Rules of Civil Procedure and 15 U.S.C. § 1692k;

  l)  Awarding Plaintiff and the members of the classes and subclass any pre-judgment and post-judgment interest as may be allowed under the law; and

  m)  Awarding such other and further relief as the Court may deem just and proper.

Date: April 10, 2019							s/ *Michael L. Greenwald*
									Michael L. Greenwald
									Greenwald Davidson Radbil PLLC
									7601 N. Federal Highway, Suite A-230
									Boca Raton, Florida 33487
									Telephone: 561.826.5477
									Fax: 561.961.5684
									mgreenwald@gdrlawfirm.com

									Gary M. Klinger
									Kozonis & Klinger, Ltd.
									4849 N. Milwaukee Ave., Ste. 300
									Chicago, Illinois 60630
									Telephone: 312.283.3814
									Fax: 773.496.8617
									gklinger@kozonislaw.com

									Counsel for Plaintiff and the proposed classes