UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| BRENDA DRAKE, on behalf of herself and others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 1:19-cv-01458-RLY-DML ) |
| MIRAND RESPONSE SYSTEMS, INC. and WOODFOREST NATIONAL BANK, | ) ) ) ) |
| Defendants. | ) |

# Order on Defendants' Motion to Stay Case
# Pending Administrative Action

This matter is before the court on the defendants' motion to stay. The court first describes the claims being litigated and then addresses the motion to stay.

This case arises under the Telephone Consumer Protection Act ("TCPA") and the Fair Debt Collection Practices Act ("FDCPA"). For her TCPA claim, plaintiff Brenda Drake alleges that defendant Mirand Response Systems, Inc. is a debt collector and that it, acting as an agent for creditor Woodforest National Bank and using an automatic telephone dialing system (as defined in the TCPA) or artificial or prerecorded voice, called her cell phone twice in March 2019, to collect a debt owed to Woodforest. Ms. Drake alleges she never had an account with Woodforest and that the March 2019 calls were made after her counsel had told Mirand that it was calling the wrong person. Ms. Drake had been assigned a new cell phone number in May 2018, and she believes that Mirand was trying to reach a person

whose name is similar to hers and found her cell phone number through some sort of skip-tracing method. *See* Complaint, ¶ 40 (alleging that "it appears" Mirand intended to reach a person with a similar name to Ms. Drake but unrelated and unknown to her) and ¶ 65 (defining putative classes as persons to whom Mirand placed calls using an ATDC or artificial or prerecorded voice and to a cell phone number "not assigned to the intended recipient" of Mirand's calls). The FDCPA claim is not based on the alleged use of an ATDC or artificial or prerecorded voice; Ms. Drake contends the FDCPA was violated because Mirand did not identify itself in the messages it left on her cell phone.

The defendants seek to stay this case pending the outcome of rulemaking by the Federal Communications Commission about certain aspects of the TCPA. That rulemaking process began in the aftermath of a March 2018 decision by the United States Court of Appeals for the District of Columbia, which invalidated as arbitrary and capricious or otherwise unlawful interpretations of certain parts of the TCPA the FCC had made in a July 2015 Declaratory Ruling and Order. *ACA Internat'l v. FCC,* 855 F.3d 687 (D.C. Cir. 2018). The invalidated interpretations and the current rulemaking proceedings concern the terms "automatic telephone dialing system" and "called party" in the TCPA. It is unlawful under the TCPA for a caller to make a call to a cell phone using "any automatic telephone dialing system or an artificial or prerecorded voice," unless the call is made with the express consent of the "called party" or for other excepted purposes not relevant to this case. 47 U.S.C. § 227(b)(1). "Automatic telephone dialing system" is defined as "equipment which has

the capacity (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C. § 227(a)(1).

The defendants argue, relying principally on the doctrine of primary jurisdiction, that because the FCC's rulemaking proceedings will clarify the TCPA and new regulations will assist the court in applying the Act (through *Chevron* deference or otherwise), the court should halt this case and await the new regulations. The court rejects their arguments and finds that a stay is not appropriate at this time, for the following reasons.

1. The doctrine of primary jurisdiction is applied either (a) where an administrative agency has *exclusive* jurisdiction over a particular issue in a court case and the court must stop its judicial work and await the agency's resolution of that issue before proceeding further or (b) where a court, in its discretion, may *refer* an issue to an agency for its resolution because of the agency's specialized "experience, expertise, and insight," even though the agency does not have exclusive jurisdiction to resolve the issue. *See Arsberry v. Illinois,* 244 F.3d 558, 563-64 (7th Cir. 2001).

2. Primary jurisdiction is not applicable here. No one suggests that the FCC has exclusive jurisdiction to decide the meaning of the TCPA's statutory language. The interpretation of statutory language is in a court's bailiwick, and courts have interpreted the meaning of ATDS and "called party" for years without the benefit of the FCC's guidance in the 2015 Ruling and Order that was

invalidated by the D.C. Circuit. *See, e.g., Soppet v. Enhanced Recovery Co.,* 679 F.3d 637, 639-643 (7th Cir. 2012) (interpreting "called party"); *Satterfield v. Simon & Schuster, Inc.,* 569 F.3d 946, 951 (9th Cir. 2009) (construing "automatic telephone dialing system"). Nor is there a mechanism in place for this court to "refer" to the FCC an interpretive issue the court faces.

3. What the defendants really seek is for this court (and courts across the nation) to halt all TCPA cases while the FCC engages in rulemaking. That is not appropriate. It is not even clear that the FCC's rulemaking would make a difference in deciding whether Mirand used a proscribed ATDS[1] or whether Ms. Drake is a "called party." At this stage, there has been no discovery about the equipment Mirand used in calling Ms. Drake, and thus the parties do not know the extent to which they disagree about whether Mirand's equipment is an ATDS; they certainly are not in a position to advise the court that the FCC's rulemaking is even directed to the specific features of Mirand's equipment. Similarly, there has been no discovery about Mirand's use of Ms. Drake's cell phone number or about procedures Mirand does or does not follow to determine whether it has consent to make a call to a particular number. It is not efficient to stay this case and prevent discovery of basic information that would inform this court's (and any adjudicator's) ultimate

---

[1] Ms. Drake also notes that all of her TCPA claims do not depend on the use of an ATDS because she also alleged that Mirand used an artificial or prerecorded voice, but as the defendants point out, her class definitions include the requirement that an ATDS was used.

4

determination about whether Mirand used an ATDS and whether Ms. Drake is a "called party."

4. No one knows when the FCC will complete its rulemaking. No one knows whether the rules, when enacted, will be challenged under the Hobbs Act,[2] just as the FCC's 2015 Ruling was challenged. That challenge was not resolved for about three years, when the D.C. Circuit ruled in 2018, and the FCC went back to the drawing board. Further, if the defendants are right that the FCC's rulemaking is imminent, then the parties and the court will be able to determine the effect of the new regulations on this case, with the benefit of discovery and the elucidation of the parties' legal contentions based on actual evidence.

5. The plaintiff would be unfairly prejudiced if she is precluded from prosecuting her claims for some indefinite—possibly lengthy—period until the FCC adopts new rules. She has discovery needs now. She should be able to determine whether she is right about the type of equipment Mirand actually uses. She should be able to conduct other discovery that is proportional to the needs of this case.

6. The FDCPA claims are unaffected by the FCC's rulemaking and there is no reason to stay prosecution of those claims.

---

[2] The Hobbs Act (also known as the Administrative Orders Review Act) "reserves to the courts of appeals the power 'to enjoin, set aside, suspend (in whole or in part), or to determine the validity of' all final FCC orders." *See* discussion of Hobbs Act in *CE Design, Ltd. v. Prism Business Media, Inc.,* 606 F.3d 443, 446-49 (7th Cir. 2010).

5

## **Conclusion**

For the foregoing reasons, the defendants' motion to stay (Dkt. 32) is DENIED.

So ORDERED.

Dated: December 3, 2019

Debra McVicker Lynch
United States Magistrate Judge
Southern District of Indiana

Distribution:

All ECF-registered counsel of record by email through the court's ECF system